IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON AMOS | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22 C 1564 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| City of Chicago, Chicago Police Officers Alejandro Velez, Star No. 7857, Derrick Martin, Star No. 16026, Diniene Cheatom, Star No. 11126, Gregory Smith, Star No. 8823, Jose Romero, Star No. 15368, and Benjamin Wilson, Star No. 3595, | ) ) ) ) ) ) ) | Magistrate Susan E. Cox |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants City of Chicago, ( "The City"), Officer Alejandro Velez, ("Officer Velez"), Officer Derrick Martin, ("Officer Martin"), Officer Diniene Cheatom, ("Officer Cheatom"), Officer Gregory Smith, ("Officer Smith"), Officer Jose Romero, ("Officer Romero"), and Officer Benjamin Wilson, ("Officer Wilson"),  collectively, ( "Defendants") by and through one of their attorneys, Jessica L. Griff, Assistant Corporation Counsel, Supervisor, for their Answer to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

**ANSWER:** Defendants admit that jurisdiction is proper but deny any wrongdoing alleged in Plaintiff's Complaint.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

1

**ANSWER:** Defendants admit that venue is proper but deny any wrongdoing alleged herein and further deny that the incident occurred as alleged in Plaintiff's Complaint

## PARTIES

3. At all times herein mentioned, Plaintiff Jason Amos ("Amos") was within the jurisdiction of this court.

**ANSWER:** Upon information and belief Defendants admit the allegations contained in this paragraph.

4. At all times herein mentioned, Chicago Police Officer Alejandro Velez, Star No. 7857 ("Velez") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

5. At all times herein mentioned, Chicago Police Officer Derrick Martin, Star No.16026 ("Martin") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

6. At all times herein mentioned, Chicago Police Officer Diniene Cheatom, Star No. 11126 ("Cheatom") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

7. At all times herein mentioned, Chicago Police Officer Gregory Smith, Star No. 8823 ("Smith") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

8. At all times herein mentioned, Chicago Police Officer Jose Romero, Star No. 15368 ("Romero") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

9. At all times herein mentioned, Chicago Police Officer Benjamin Wilson, Star No. 3595 ("Wilson") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

10. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

11. On or about December 19, 2020, Plaintiff was lawfully located at 18 W. 114' St., City of Chicago, County of Cook, State of Illinois.

**ANSWER:** Defendants admit that Plaintiff was located at 18 W. 114th Street in the City of Chicago, County of Cook, State of Illinois on December 19, 2020. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12. On that day and place Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson did not possess a warrant to arrest Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

13. On that day and place Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson seized Plaintiff.

**ANSWER:** Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.

14. On that day and place Velez, Martin, Cheatom, Smith, Romero, and Wilson did not possess legal cause to seize Plaintiff.

**ANSWER:** Defendants deny the allegations contained herein.

3

15. After his seizure Plaintiff was subjected to a custodial arrest by Velez, Martin, Cheatom, Smith, Romero, and Wilson.

**ANSWER:** Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.

16. Velez, Martin, Cheatom, Smith, Romero, and Wilson did not witness Plaintiff commit any crime.

**ANSWER:** Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.

17. Velez, Martin, Cheatom, Smith, Romero, and Wilson were not told by any complaining witness that Plaintiff had committed any crime.

**ANSWER:** Defendants deny this paragraph truly and accurately reflects the facts and circumstances of the incident and therefore deny the allegations contained herein.

18. Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson did not possess legal cause to subject Plaintiff to custodial arrest.

**ANSWER:** Defendants deny the allegations contained herein.

19. After his custodial arrest Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson caused Plaintiff to be charged with multiple crimes.

**ANSWER:** Defendants deny the allegations contained herein.

20. Plaintiff had not committed any crimes and Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson did not possess probable cause to reasonably believe that Plaintiff had committed any crimes.

**ANSWER:** Defendants deny the allegations contained herein.

21. After his arrest Plaintiff was detained in the custody of law enforcement until released on September 10, 2021.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

22. Plaintiff appeared in court to defend himself against the charges that were initiated and/or continued by the false statements and/or reports of Defendants that accused Plaintiff of engaging in one or more criminal acts.

**ANSWER:** Defendants deny the allegations contained herein.

23. On or about September 10, 2021, all criminal charges against Plaintiff were dismissed pursuant to a motion made by the Cook County State's Attorney. The dismissal of the charges against Plaintiff was not the result of a plea bargain or other negotiated agreement between Plaintiff and the Cook County State's Attorney.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained herein.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:** Defendants deny the allegations contained herein.

25. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** Defendants deny the allegations contained herein.

26. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** Defendants deny the allegations contained herein.

### COUNT I
### Plaintiff against Velez, Martin, Cheatom, Smith, Romero, and Wilson for
### UNREASONABLE SEIZURE

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate each of the forgoing paragraphs as if fully restated herein.

28. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained herein.

29. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Defendants caused the seizure of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained herein.

## COUNT II
### Plaintiff against Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson for UNREASONABLE PRETRIAL DETENTION

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

**ANSWER:** Defendants incorporate each of the forgoing paragraphs as if fully restated herein.

31. Defendants caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

**ANSWER:** Defendants deny the allegations contained herein.

32. Defendants did not have probable cause to believe Plaintiff had committed any crime.

**ANSWER:** Defendants deny the allegations contained herein.

33. Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed any crime.

**ANSWER:** Defendants deny the allegations contained herein.

34. The criminal charges initiated against Plaintiff terminated in Plaintiff's favor when all charges against Plaintiff were dismissed on September 10, 2021.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained herein.

35. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with one or more crimes and experiencing deprivation of his personal liberty by being detained from December 19, 2020, through September 10, 2021.

**ANSWER:** Defendants deny the allegations contained herein.

36. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendants deny the allegations contained herein.

37. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff s rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations contained herein.

### COUNT III
### Plaintiff Against Velez, Martin, Cheatom, Smith, Romero, Wilson and the City of Chicago for MALICIOUS PROSECUTION

38. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

**ANSWER:** Defendants incorporate each of the forgoing paragraphs as if fully restated herein.

39. Defendants, who were employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff falsely alleging that they witnessed Plaintiff commit one or more crimes.

**ANSWER:** Defendants admit they were employed by the City of Chicago but deny the

remaining allegations contained herein.

40. Plaintiff did not commit any of the criminal acts for which he was prosecuted.

**ANSWER:** Defendants deny the allegations contained herein.

41. Defendants did not have any forensic or physical evidence indicating Plaintiff committed any of the crimes for which he was prosecuted.

7

**ANSWER:** Defendants deny the allegations contained herein.

42. Defendants did not have reliable information from any witness indicating Plaintiff committed any of the crimes for which he was prosecuted.

**ANSWER:** Defendants deny the allegations contained herein.

43. Defendants falsely alleged to prosecutors that Plaintiff committed one or more crimes.

**ANSWER:** Defendants deny the allegations contained herein.

44. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it was relied upon by prosecutors in the decision to commence and continue the prosecution of Plaintiff.

**ANSWER:** Defendants deny the allegations contained herein.

45. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed the crimes for which he was charged.

**ANSWER:** Defendants deny the allegations contained herein.

46. The criminal charges Defendants proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed on September 10, 2021.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the charges against Plaintiff were dismissed on September 10, 2021. Answering further Defendants deny that this paragraph completely and accurately reflects the law and therefore deny the remaining allegations contained herein.

47. The criminal the charges against Plaintiff were not resolved by any plea negotiation, agreement, or compromise between Plaintiff and any prosecuting attorney.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained herein.

48. As a result of Defendants causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

**ANSWER:** Defendants deny the allegations contained herein.

8

49. The City of Chicago is liable to Plaintiff for the acts of Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendants deny that this paragraph completely and accurately reflects the law and therefore deny the allegations contained herein. Answering further Defendants deny any wrongdoing alleged herein.

50. Therefore, Defendants Velez, Martin, Cheatom, Smith, Romero, and Wilson, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**ANSWER:** Defendants deny that this paragraph completely and accurately reflects the law and therefore deny the allegations contained herein and further deny any misconduct alleged herein.

## AFFIRMATIVE DEFENSES

1. Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint a reasonably competent officer, objectively viewing the facts and circumstances then confronting Defendants could have believed thier actions regarding the encounter with Plaintiff to be lawful in light of clearly established law and the information possessed by Defendants. Defendants are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2. Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he or she individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury.

4. Defendants are not liable for malicious prosecution under Illinois state law unless and until all of the elements of malicious prosecution are met. The facts and circumstances of the disposition of Plaintiff's criminal case are not indicative of innocence such that Plaintiff has met his burden on this element of malicious prosecution. *See Cult Awareness Network v. Church of Scientology Int'l*, 177 Ill. 2d 267 (1997)) ("To determine whether a termination is favorable, the court examines the circumstances, not the form or title, of the disposition.").

5. The Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42 (1998); *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

6. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (West 2018).

7. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2018).

8. To the extent any employee of the City was acting within the scope of his employment, that employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (West 2018).

9. The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by Plaintiff. 745 ILCS 10/2-102 (West 2018).

10. As to Plaintiff's state law claims, the City is not liable if its employees or agents are not liable. 745 ILCS 10/2-109 (West 2018).

11. As to all state law claims, under the Illinois Tort Immunity Act, in that Defendants were acting under color of law, Defendants are not liable for any of the claims alleged because their actions were based upon the information and circumstances known to Defendants at the time, and were discretionary decisions for which they is immune from liability. 745 ILCS 10/2-201 (2018).

12. As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166 (1979).

13. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause. At the time of the actions alleged in Plaintiff's complaint section 2-1116 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1116 (West 2018)) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when the Plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

14. As to Plaintiff's state law claims, under the Tort Immunity Act, Defendant Officers are not liable for any claim for punitive damages because a public official is not liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official

while serving in an official executive, legislative, quasi-legislative or quasijudicial capacity, brought directly or indirectly against him by the injured party or a third party. 745 ILCS 10/2-102 (2012); *Reese v. May*, 955 F. Supp. 869, 873 (N.D. Ill. 1996); *Golden v. Village of Glenwood*, No. 14 C 7247, 2015 WL 1058227, *3-5 (Mar. 6, 2015).

## JURY DEMAND

The Defendants hereby request a trial by jury.

>*/s/ Jessica L. Griff*
>Jessica L. Griff
>Assistant Corporation Counsel Supervisor

Allison L. Romelfanger, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2826 (P)
(312) 744-6566 (F)
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASON AMOS | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22 C 1564 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| City of Chicago, Chicago Police Officers Alejandro Velez, Star No. 7857, Derrick Martin, Star No. 16026, Diniene Cheatom, Star No. 11126, Gregory Smith, Star No. 8823, Jose Romero, Star No. 15368, and Benjamin Wilson, Star No. 3595, | ) ) ) ) ) ) | Magistrate Susan E. Cox |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Garrett Browne
ED FOX & ASSOCIAT'ES, Ltd.
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLEASE TAKE NOTICE** that on this 13th day of June 2022, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 13th day of June 2022.

/s/ Jessica L. Griff

Jessica L. Griff
Assistant Corporation Counsel Supervisor

Allison L. Romelfanger, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law

2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2826 (P)
(312) 744-6566 (F)
*Attorneys for Defendant Carrillo*